ANITA S. JOHNSON, individually and as Special Administrator of the Estate of RAY A. JOHNSON, Deceased, CONSTANCE SHAW, PATRICIA FOSTER and BARBARA FAYLE, Plaintiffs-Appellants, *v.* RAYBESTOS-MANHATTAN, INC., etc., Defendant-Appellee

NO. 11516

(NINTH CIRCUIT NO. 85-1623)

JULY 22, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

OPINION OF THE COURT BY WAKATSUKI, J.

Plaintiffs-appellants brought suit in federal district court against numerous manufacturers of asbestos products seeking damages resulting from the illness and death of Ray A. Johnson allegedly due to asbestos exposure at his workplace. Their complaint included a strict liability cause of action based on the asbestos products being dangerously defective and for defendants' failure to warn of the danger. Appellants' motion in limine to exclude all

evidence of state-of-the-art was denied.[1] State-of-the-art evidence was presented at the trial and the jury returned verdicts for defendant-appellee, Raybestos-Manhattan.

On appeal, appellants challenge the introduction of the state-of-the-art evidence in connection with their strict liability count. Because Hawaii courts have not decided this issue of state law, the U.S. Court of Appeals for the Ninth Circuit certified the following question to this Court:

In a strict products liability case for injuries caused by an inherently unsafe product, is the manufacturer conclusively presumed to know the dangers inherent in his product, or is state of the art evidence admissible to establish whether the manufacturer knew or through the exercise of reasonable human foresight should have known of the danger?[2]

By definition, a strict products liability action does not require a showing that the defendant was negligent in manufacturing or distributing the product. Instead, the plaintiff need only show that the seller is engaged in the business of selling the product, that the product contains a defect dangerous to the user or consumer, and that the defect is the cause of the injury. *See Ontai v. Straub Clinic and Hospital,* 66 Haw. 237, 241, 659 P.2d 734, 739 (1983). A product is dangerously defective if it does not meet the reasonable expectations of the ordinary consumer or user as to its safety. *Ontai,* 66 Haw. at 241, 659 P.2d at 739.

It is clear, therefore, that in a strict products liability action, the issue of whether the seller knew or reasonably should have known of the dangers inherent in his or her product is irrelevant to the issue of liability. *See Boudreau v. General Electric Co.,* 2 Haw. App. 10, 15, 625 P.2d 384, 389 (1981). Although highly relevant to a *negligence* action, it has absolutely no bearing on the elements of a strict

---

[1] In the context of this strict liability action based on the inherent dangerousness of a product, not involving a manufacturing defect nor a design defect, "state-of-the-art" refers to the ability or inability to discover the danger posed by the product at the time the product is marketed in light of the state of scientific knowledge or technology at that time.

[2] In view of the narrowness of the certified question before this court, we do not address the failure to warn cause of action and whether state-of-the-art evidence should have been admissible for that cause of action.

products liability claim. *See Kisor v. Johns-Manville Corp.,* 783 F.2d 1337, 1341 (9th Cir. 1986). We, therefore, hold that in a strict products liability action, state-of-the-art evidence is not admissible for the purpose of establishing whether the seller knew or reasonably should have known of the dangerousness of his or her product.[3] *See Carrecter v. Colson Equipment Co.,* 499 A.2d 326, 330-31 (Pa. Super. 1985).

Appellee's claim that this rule makes defendants insurers, or *absolutely* liable for all harm caused by their products, is without merit. The defendants are not liable for any harm caused by their products unless the plaintiff shows that the product is dangerously defective, i.e., that it does not meet the reasonable expectations of the ordinary consumer or user as to its safety.

Because our analysis makes defendant's knowledge of the dangers irrelevant in a strict liability action, there is no need to adopt the fiction that the defendant is presumed to know of the dangers inherent in his product. *Cf. Beshada v. Johns-Manville Products Corp.,* 447 A.2d 539, 544 n.3 (N.J. 1982). The fiction is a by-product of the unwarranted interjection of negligence concepts into strict liability doctrine.

*L. Richard DeRobertis (Gary O. Galiher* with him on the briefs of *Gary Galiher & Associates)* for plaintiffs-appellants.

*Paula Devens (Paul Devens* with her on the briefs of *Ikazaki, Devens, Lo, Youth & Nakano)* for defendant-appellee Raymark Industries, Inc., Successor to Raybestos-Manhattan, Inc.

---

[3] Whether or not state-of-the-art evidence is probative of some other factor that is relevant in a strict products liability action (e.g., consumer expectations, which bears on whether a product is defective) and therefore admissible for that limited purpose is an issue beyond the scope of the certified question.