**In re ASBESTOS CASES.**

**Anita S. JOHNSON, individually and as Special Administratrix of the Estate of Ray A. Johnson, deceased, Constance Shaw, Patricia Foster, and Barbara Fayle, Plaintiffs-Appellants,**

v.

**RAYBESTOS–MANHATTAN, INC., etc., Defendant-Appellee.**

No. 85–1623.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 24, 1986.

Submission Vacated Oct. 9, 1986.

Resubmitted Sept. 25, 1987.

Decided Oct. 9, 1987.

---

L. Richard DeRobertis and Gary O. Galiher, Honolulu, Hawaii, for plaintiffs-appellants.

Paula Devens, Honolulu, Hawaii, for defendant-appellee.

Before FERGUSON, CANBY and HALL, Circuit Judges.

PER CURIAM:

This appeal raises a controlling question of Hawaii State tort law which we certified to the Supreme Court of Hawaii and which that court has now decided. *See Johnson v. Raybestos-Manhattan, Inc.,* — Haw. —, 740 P.2d 548 (1987). Because the decision of the Supreme Court of Hawaii conflicts with the ruling of the district court in this case, we reverse and remand.

## I.

Plaintiff-appellant Anita Johnson appeals from the decision of the district court denying her motion in limine and permitting the introduction of state of the art evidence as a defense to her tort claim of strict liability. Plaintiff initiated this negligence and strict liability action for the death of her husband, Ray Johnson. Ray Johnson was exposed to asbestos products during his work at Pearl Harbor Naval Shipyard from 1941 to 1944. He was later diagnosed as having asbestosis and lung cancer. Defendant Raybestos-Manhattan (Raybestos) is an asbestos textile manufacturer which the jury found had provided some of the asbestos products to which Ray Johnson was exposed.

Plaintiff's complaint, filed August 22, 1980, alleged that Raybestos was negligent and strictly liable for failing to warn Ray Johnson of the dangers of asbestos products. Plaintiff's motion in limine sought to exclude all state of the art evidence. The district court denied plaintiff's motion, holding that previous Hawaii decisions stating that strict liability would not be interpreted as absolute liability demonstrated that the courts of Hawaii would not exclude all state of the art evidence in strict liability cases.

Trial proceeded on negligence and strict liability theories with state of the art evidence presented by both parties. Under the strict liability theory, the jury was in-

structed that a product is defective if it contains substances that are dangerous to the user and does not contain directions or warnings regarding "dangers in its use [that] were known, or by the use of reasonabl[y] developed human foresight, could have been known." The jury returned a verdict for defendant on both theories. On appeal, the plaintiffs challenge the introduction of state of the art evidence on the strict liability theory.

## II.

We certified the following issue to the Supreme Court of Hawaii: "In a strict products liability case for injuries caused by an inherently unsafe product, is the manufacturer conclusively presumed to know the dangers inherent in his product, or is state of the art evidence admissible to establish whether the manufacturer knew or through the exercise of reasonable human foresight should have known of the danger?" *See Johnson,* —— Haw. at ——, 740 P.2d at 549 (footnote omitted). On July 22, 1987, the Supreme Court of Hawaii decided the certified issue.

 The Supreme Court of Hawaii held "that in a strict products liability action, state-of-the-art evidence is not admissible for the purpose of establishing whether the seller knew or reasonably should have known of the dangerousness of his or her product." *Id.* at ——, 740 P.2d at 549. The court explained that in a strict products liability case in Hawaii "the issue of whether the defendant knew or reasonably should have known of the dangers inherent in his or her product is irrelevant to the issue of liability." *Id.* at ——, 740 P.2d at 549 (citation omitted). This is the case because "strict products liability does not require a showing that the defendant was negligent." *Id.* at ——, 740 P.2d at 549. Rather, in Hawaii courts, the plaintiff need only show that the manufacturer is "engaged in the business of selling the product, that the product contains a defect dangerous to the user or customer, and that the defect is the cause of the injury." *Id.* at ——, 740 P.2d at 549 (citing *Ontai v.*

*Straub Clinic & Hospital,* 66 Haw. 237, 241, 659 P.2d 734, 739 (1983)).

## III.

The district court incorrectly determined that Hawaii courts would admit state of the art evidence in connection with Johnson's strict products liability claim, and it incorrectly instructed the jury with respect to Johnson's strict liability claim. We therefore reverse the district court's judgment and remand for a new trial on the strict products liability count of Johnson's complaint in accordance with the rules expressed in the opinion of the Supreme Court of Hawaii. *See Malat v. Riddell,* 383 U.S. 569, 572, 86 S.Ct. 1030, 1032, 16 L.Ed.2d 102 (1966); *Milanovich v. United States,* 365 U.S. 551, 555–56, 81 S.Ct. 728, 730, 5 L.Ed.2d 773 (1961).

REVERSED and REMANDED.